UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-61288-CIV-Hoeveler/McAliley

ACCESS FOR THE DISABLED, INC.,
a Florida not for profit corporation, and
ROBERT COHEN, Individually,

      Plaintiffs,

vs.

OAKLAND HOSPITALITY, INC.,
a Florida for profit corporation,

      Defendant.
_____/

## CONSENT DECREE

This Consent Decree is entered into by and between Plaintiffs', ACCESS FOR THE DISABLED, INC. ("Access") and ROBERT COHEN ("Cohen, and with Access, collectively "Plaintiffs"), and Defendant, OAKLAND HOSPITALITY, INC., a Florida Corporation, ("Defendant"), on the date last executed below.

WHEREAS: The Defendant's property is known as Econolodge Inn and Suites and is located at 2949 N. Federal Highway, Ft. Lauderdale, FL 33306 (the "Property"). Plaintiffs claim that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs' use of the Property. Defendant disputes the allegations of the Plaintiffs' Complaint, but recognizes the risk and uncertainty in that the Plaintiffs might prevail and receive some of the relief requested on the merits of their claim. Defendant enters into this Consent Decree to avoid those risks and uncertainties, and the expense of continued litigation.

In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions and request the Court's entry of an Order Approving and Entering this Consent Decree.

    1.    All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the reinspection date set forth below, unless a different completion date is otherwise stated herein. A final Property reinspection conducted by Plaintiffs will take place on or after May 11, 2013 to ensure that the modifications to the property required below for barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided access to the Property to conduct a reinspection and to verify commencement,

   progress and completion of the work required hereby.  In any event, Defendant or its counsel, shall notify Plaintiffs' counsel by Certified Return Receipt Mail or facsimile when all improvements, except the room renovations, contemplated herein are completed.  In the event of non-compliance with the terms and conditions of this Consent Decree, Plaintiffs shall be entitled to enforce the same by appropriate motion for injunctive relief, with notice to the Defendant.

2. Defendant shall pay Plaintiffs' counsel, Thomas B. Bacon, for Plaintiffs' reasonable attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter, the sum of Ten Thousand dollars ($10,000.00) on or before May 21, 2012.  Such amount shall be payable by check to Thomas B. Bacon.

3. Upon full execution of this Consent Decree, the parties hereby agree they will request the Court to approve and enter the Consent Decree pursuant to the Stipulation for Approval and Entry of Consent Decree and Dismissal of Case with Prejudice (Exhibit "A" hereto) and request that the Court enter the Final Order Approving and Entering Consent Decree and Dismissing Case (Exhibit "B" hereto).

4. In any action to enforce this Consent Decree, the prevailing party shall be entitled to recover its reasonable attorneys' fees, costs and expert fees.

5. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successors and/or assigns.

6. The parties agree that in the event Defendant has commenced the modifications required hereby, and has proceeded with the completion thereof in good faith and with due diligence, but has been delayed in the completion thereof due to acts of God, *force majeure*, or events beyond the control of Defendant, (such as inability to obtain building or zoning permits, failure of City or County inspectors to make inspections, contractor defaults, work stoppages, natural disaster, fire, hurricanes, etc.), then, only to the extent the failure to timely complete does not result from Defendant's failure to act diligently and in good faith and provided that, before the expiration of time for completion of the requirements established hereby, Defendant provides Plaintiffs' counsel with written notice of the specific non-compliance and the reasons therefore, the time requirements established hereby shall be extended only to the extent necessitated by such acts of God or other events beyond Defendant's control.  It is understood that certain modifications herein specified may have to be permitted and approved by federal, state or local governmental agencies, and reasonable modification or deviations from the specifications provided herein to comply with their requirements is permissible.  Further, it is understood and agreed that if a federal, state or local governmental agency denies approval of any required permits in whole or in part, that the Defendant shall notify Plaintiffs' counsel of such action and Plaintiffs may then diligently seek a waiver in order to obtain approval from the appropriate

authority. In the event the parties are unable to resolve any such issue(s), the parties agree to submit same to the United States District Court for the Southern District of Florida for a final determination, which Court shall reserve jurisdiction to enforce the terms and conditions hereof.

7.  Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has or had arising under the Americans With Disabilities Act and ADAAG (as defined below).

8.  All references to the ADAAG refer to the following:
    28 CFR Chapter 1 Part 36, App. A. (7-1-98 edition) - ADAAG

9.  The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG. All references to figures or numbers in the paragraphs below refer to those that accompany the ADAAG and that more fully describe the same. Upon entry of the Final Order Approving and Entering Consent Decree, and the Defendant's completion of the modifications provided herein, the parties agree that all currently readily achievable alterations to the Property will have been made and that the Property at the time of the execution of this Consent Decree is otherwise in full compliance with the ADA.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

11. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

12. On or before May 11, 2013, the Defendant agrees to modify the Property as follows:

    A. Completion of those items specified in the Compliance Report dated October 21, 2011 (DE 32-5) except that Defendant shall not need to remove the planter specified in paragraph 2 thereof but shall slope the access route to the door and paint appropriate striping for the accessible route along the front through the covered entryway, and shall also be required to have but one fully-accessible room with a roll-in shower, provided the same came be installed in accordance with applicable building codes and/or ADAAG without removal of walls or structural demolition.

3

**SIGNATURES:**

Parties

**PLAINTIFFS:**

By: _____  Date: 5/11/12

ROBERT COHEN, individually and on
behalf of Agents for the Disabled, Inc.

**DEFENDANT**

By: _____  Date: 5/18/12